**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Paul E. GAGNE, Defendant and Appellant.**

No. 15733.

Supreme Court of South Dakota.

Considered on Briefs Feb. 19, 1988.

Decided April 6, 1988.

Mark Smith, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Roger A. Tellinghuisen, Atty. Gen., Pierre, on brief.

Steve Miller, Sioux Falls, for defendant and appellant.

HENDERSON, Justice.

Defendant Paul E. Gagne (Defendant) was convicted of grand theft (violation of SDCL 22-30A-1 and SDCL 22-30A-17) after entering a plea of guilty, and was sentenced to eight years' imprisonment. Defendant appeals his conviction, alleging four errors recited below.

(1) The information charging him with grand theft was defective;

(2) He was not fully advised of his rights prior to his plea of guilty;

(3) The court used improper means to determine there was a factual basis for his plea; and

---

(4) The State failed to comply with the terms of a plea-bargaining agreement.

Having reviewed the record, we determine that Defendant's conviction must be reversed on the second issue. We do not reach the remaining three issues.

The record reveals that the trial court did not advise Defendant of his rights to confront and cross-examine the witnesses against him, and to compulsory process to secure attendance of witnesses on his own behalf. A guilty plea, to be valid, must constitute an intelligent and voluntary waiver of a defendant's constitutional rights. *Lodermeier v. State*, 273 N.W.2d 163, 164–65 (S.D.1978) (citing *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *Nachtigall v. Erickson*, 85 S.D. 122, 178 N.W.2d 198 (1970)). Waiver of the rights of self-incrimination, confrontation, and jury trial will not be presumed from a silent record:

> What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence.

*Boykin*, 395 U.S. at 243–44, 89 S.Ct. at 1712, 23 L.Ed.2d at 280. *See also* SDCL §§ 23A–7–4 and 23A–7–5. No such effort was made here. While an express waiver of these rights is not necessary if the record indicates a defendant knew his rights prior to his plea, *In re Application of Garritsen*, 376 N.W.2d 575, 577 (S.D. 1985), such is not the case here.

We accordingly reverse Defendant's conviction.

All the Justices concur.