2000 SD 142

**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Iliya N. NIKOLAEV, Defendant and Appellant.**

No. 21367.

Supreme Court of South Dakota.

Considered on Briefs Oct. 25, 2000.

Decided Nov. 15, 2000.

Mark Barnett, Attorney General, Ann C. Meyer, Assistant Attorney General, Pierre, SD, Attorneys for plaintiff and appellee.

D. Sonny Walter, Sioux Falls, SD, Attorney for defendant and appellant.

## PER CURIAM

[¶ 1.] Iliya N. Nikolaev appeals his judgment of conviction for third degree rape claiming the trial court erred in accepting his guilty plea without complying with SDCL 23A–7–5. We affirm.

## FACTS AND PROCEDURE

[¶ 2.] On May 19, 1999, Nikolaev was charged with two counts of third degree rape involving his 14–year–old niece. The victim, L.C., immigrated to this country with her father and siblings from Ukraine in October 1998. She testified at the preliminary hearing that her uncle Nikolaev, age 33, had sexual intercourse with her four or five times between October 1998 and March 1999 and that this sexual abuse began 2–3 days after her arrival in Rapid City.

[¶ 3.] Although Nikolaev indicated he could "speak a good deal of English," the trial court utilized a Russian/English translator at the arraignment, preliminary hearing, status hearing, and plea hearing to explain Nikolaev's rights and the ramifications of the criminal charges against him as well as the consequences of pleading guilty. Nikolaev pled guilty to statutory rape, a Class 3 felony, in exchange for the

State's dismissal of the second count of third degree rape and for the State's agreement not to make a sentence recommendation to the court. The court accepted Nikolaev's plea and sentenced him to serve fifteen years in the state penitentiary. Seven years of this sentence were suspended on the condition that Nikolaev obtain sex offender counseling, pay for L.C.'s counseling for fifteen years and pay court costs.

[¶ 4.] Nikolaev appeals, claiming the trial court failed to comply with the statutory mandates of SDCL 23A–7–5 before accepting his plea.

## ANALYSIS AND DECISION

[¶ 5.] SDCL 23A–7–5 provides in pertinent part that:

A court, except as provided in this section, shall not accept a plea of guilty ... without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. It shall also inquire as to whether the defendant's willingness to plead guilty ... results from prior discussions between the prosecuting attorney and the defendant or his attorney.

This portion of SDCL 23A–7–5 is derived from and is virtually identical to Federal Rule of Criminal Procedure 11(d). Nikolaev did not present his claim of violation of this statute to the trial court, however his appeal is reviewed for plain error. "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of a court." SDCL 23A–44–15; *State v. Baker*, 440 N.W.2d 284, 291 (S.D.1989). *See United States v. Hernandez–Fraire*, 208 F.3d 945, 949 (11thCir.2000) (Rule 11 violations

not previously presented to the trial court are reviewed for plain error).

[¶ 6.] Nikolaev claims that the sentencing court failed to comply with the statutory mandates prior to accepting his guilty plea, and that this failure, especially when combined with his difficulty with the English language and unfamiliarity with the criminal justice system, requires automatic reversal. Specifically, Nikolaev claims the court never asked him about any "promises apart from a plea agreement."

[¶ 7.] On the record, there appears no confusion attributable to the language barrier and no issue that the defendant was not informed at least twice by the court as to the maximum sentence that could be imposed in his case.[1] As previously noted, an interpreter was utilized at all of the hearings and one continuance was granted so that Nikolaev could more fully consider the plea bargain. Both his attorney and the court explained the criminal justice system and procedures and his constitutional rights. These included Nikolaev's *Boykin* rights as mentioned in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Anderson*, 1998 SD 98, ¶ 6, 583 N.W.2d 151, 153. The duty to explain these rights on the record belongs to the trial court and not to the defendant's attorney. *Croan v. State*, 295 N.W.2d 728, 729 (S.D.1980). The court, on several occasions, reminded Nikolaev to indicate if he did not understand and asked him to repeat back to the court his understanding of what was being communicated. After reviewing his rights with the defendant at the plea hearing, the court asked if he wanted to "go through them again." Nikolaev responded, in English, "No thanks, I understand all." The court had also requested that the interpreter indicate if he felt Nikolaev was not

---

1. Nikolaev was informed of the maximum sentence that could be imposed at the arraignment hearing on August 11, 1999 and again at the plea hearing on September 29, 1999. Moreover, SDCL 22–6–1(5) provides the sentence for a Class 3 felony and all defendants are presumed to know the law. *State v. Dorhout*, 513 N.W.2d 390, 395 (S.D. 1994).

understanding something. The interpreter made no such indication. The court was satisfied that Nikolaev understood the proceedings and his rights and all that was being communicated at the hearings.

[¶ 8.] The trial court asked Nikolaev if anyone had threatened or forced him to plead guilty to which he responded, through the interpreter, "that nobody threatened or forced him to make this decision and he wants to say thank you to his attorney who really made him understand what was going on and why under American laws he was guilty." Nikolaev then explained to the court the factual basis for the plea. Nikolaev admitted he had sexually penetrated L.C. in Rapid City and that he knew "he did something really wrong" although he also tried to negate his conduct by claiming his niece desired the act and that he was attracted to her because she looked like his deceased sister. The judge read, in open court, a letter from L.C. indicating the horrific effect her uncle's criminal conduct had upon her and how her life and perspectives had changed because of it.

[¶ 9.] In *State v. Robinson*, 469 N.W.2d 376, 378 (S.D.1991), we explained the requirements before a trial court could accept a guilty plea:

> As a matter of federal constitutional law, '[a] plea of guilty cannot stand unless the record in some way indicates a free and intelligent waiver by the defendant of his constitutional right to confront and cross-examine witnesses against him, his constitutional right to trial by jury, and his constitutional privilege against self-incrimination.' In addition to waivers of these three '*Boykin* rights' the record must disclose, as a matter of South Dakota law, that the defendant understood the nature and consequences of his plea. *While there is no set formula for establishing on the record the voluntariness of a guilty plea, 'the trial court must normally inform the defendant of these rights personally to insure that the record indicates a free and intelligent waiver of these rights.'* The court's obligation to satisfy itself as to each of these four prerequisites before accepting a guilty or a guilty but mentally ill plea by 'addressing the defendant personally in open court' and making a record of it are codified at SDCL 23A–7–4, 23A–7–5, 23A–7–15, and 23A–7–16.

(internal citations omitted) (emphasis added).

[¶ 10.] We stated in *Lien v. Class*, 1998 SD 7, ¶ 31, 574 N.W.2d 601, 612 that we look at the "totality of the circumstances" in determining whether a plea was voluntarily made. As noted in *Robinson, supra*, there is "no set formula" required and thus, substantial compliance with the protections prescribed in SDCL 23A–7–5 is sufficient. *See State v. Van Egdom*, 292 N.W.2d 586, 589 (S.D.1980) (substantial compliance rather than verbatim reading of plea agreement is sufficient in meeting requirements of SDCL 23A–7–9, derived from Rule 11(e)); *Abdi v. State*, 608 N.W.2d 292, 297 (N.D.2000) (substantial compliance sufficient in meeting requirements of North Dakota statute derived from Rule 11(d)); *United States v. Gonzalez*, 820 F.2d 575, 578 (2nd Cir.1987) (compliance with Rule 11 does not require "reading the specified items *in haec verba* [in these words]."); *United States v. Martinez*, 486 F.2d 15, 21 (5thCir.1973) ("So long as the trial judge is convinced by the record before him that a guilty plea is not coerced, a further showing that the plea is knowingly entered and that there exists sufficient evidence of guilt will satisfy the requirements of Rule 11."); *United States v. Scharf*, 551 F.2d 1124, 1129 (8th Cir. 1977) ("district courts are required to act in substantial compliance with [Rule 11] although ... ritualistic compliance is not required."); *Hernandez–Fraire*, 208 F.3d at 950. Federal Rule 11(h) provides that "[a]ny variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." If the trial court has made a determination, upon the entire record and by inquiry

of the defendant in open court, that the plea is voluntary, it is by definition not the result of threats, force or promises made apart from the plea agreement, or any other form of coercion. The trial court in this case did not fail to address this core concern.

[¶ 11.] Nikolaev relies on *Gonzalez* in which an interpreter was also used and in which the trial court neglected to ask whether Gonzalez' guilty plea was voluntary and "not the result of promises ... apart from a plea agreement." 820 F.2d at 579. In that case, the appeals court found that comments made about the defendant's first offender status and the court's giving credit for a guilty plea "may have been misconstrued by appellant to be an assurance that he would not be sentenced to prison." *Id.* The appellate court vacated the judgment of conviction and remanded for repleading.

[¶ 12.] In the present case, Nikolaev assured the trial court that his plea was voluntary and that he fully understood the plea agreement which included the State's promise that it would not recommend any sentence. Because the plea agreement included this promise, and because the court informed Nikolaev twice on the record that the maximum sentence was 15 years in prison and a $15,000 fine, there could be no misunderstanding about the sentence as in *Gonzalez.*[2] Review of this record under the "totality of the circumstances" standard indicates that the defendant was advised of and understood his constitutional rights, that his plea was voluntarily and intelligently made and that the trial court complied with the substance of SDCL 23A–7–5. This is all that is required. Moreover, Nikolaev makes no claim that any promises apart from the plea agreement, the harm sought to be avoided, were made to him. *See United States v. Jones,*

143 F.3d 1417, 1420 (11th Cir.1998) ("A defendant is entitled to replead only if the district court's variance from the formal requirements of Rule 11 impinged upon the very rights they were designed to protect.").

[¶ 13.] The record indicates Nikolaev understood the nature and consequences of his plea, that he understood his constitutional rights and the ramifications of waiving those rights, and that a factual basis existed for the plea. *State v. Wika,* 464 N.W.2d 630, 634 (S.D.1991). A deficiency in this record, if any, caused by the trial court's failure to specifically ask Nikolaev whether he was made any promises apart from the plea agreement, does not rise to the level of prejudicial error. The record shows the trial court substantially complied with the requirements of SDCL 23A–7–5 (Rule 11(d)) and we affirm.

[¶ 14.] MILLER, Chief Justice, and SABERS, AMUNDSON, KONENKAMP, and GILBERTSON, Justices, participating.

---

2. Nikolaev also relies on *State v. Gagne, 421 N.W.2d 502* (S.D.1988) and *State v. Sutton,* 317 N.W.2d 414 (S.D.1982), neither of which is dispositive of this appeal. *Gagne* involved reversal of a judgment because the trial court failed to advise the defendant of his three *Boykin* rights. That did not occur here. In

*Sutton,* we reversed and remanded because the trial court failed to advise the defendant of his right to a trial by a jury in the county in which the crime was committed and further failed to canvass the defendant for a factual basis for his guilty plea. Such is not the case here.