2002 SD 18

**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Bevis R. RICHARDS, Defendant and Appellant.**

No. 21935.

Supreme Court of South Dakota.

Considered on Briefs Nov. 13, 2001.

Decided Feb. 6, 2002.

Mark Barnett, Attorney General, John M. Strohman, Assistant Attorney General, Pierre, South Dakota, Attorneys for plaintiff and appellee.

Bryan T. Andersen, Office of Public Defender, Rapid City, South Dakota, Attorney for defendant and appellant.

GORS, Acting Justice.

[¶ 1.] Bevis R. Richards pled guilty to escape and was sentenced to serve seven years in the penitentiary consecutively to the sentence he was already serving. On appeal he contends that he did not understand the nature and consequences of his guilty plea because the trial court did not, as required by SDCL 23A–7–4, inform him of the mandatory minimum penitentiary sentence. We reverse and remand.

FACTS

[¶ 2.] On May 26, 2000, Richards was sentenced to five years in the penitentiary for third offense DUI. On July 10, 2000 Richards, who was housed at the Community Alternatives of the Black Hills, did not return from work release.

[¶ 3.] Richards was apprehended on February 5, 2001 and charged with escape, as defined by SDCL 22–11A–1, from the custody of authorities of the South Dakota State Penitentiary, in violation of SDCL 22–11A–2. At his arraignment the trial court advised Richards:

> THE COURT: At this time it's been alleged, Mr. Bevis [sic], you were in the custody of the State of South Dakota under the supervision of the South Dakota State Penitentiary and that you

escaped from that custody on the 10th of July, 2000. If this is found to be the case, you're facing a maximum penalty of ten years, $10,000 fine or both.

You have a right to a Court or jury trial, a right to confront the witnesses against you, a right against self-incrimination, and right to subpoena witnesses to testify for you at any trials or hearings. If you plead not guilty, you're presumed to be innocent and the State must prove beyond a reasonable doubt that you did what they say you did in the Information. The State must convince a unanimous jury of this county of your guilt beyond a reasonable doubt before you could be convicted.

You may if you wish plead guilty. But if you should plead guilty, you'd be waiving the rights I mentioned earlier. In other words, you would not have a right to a trial, not have a right against self-incrimination, and you'd be admitting doing what's alleged in the Information. Do you understand these rights?

[¶ 4.] Richards informed the court that he understood his rights and was prepared to plead guilty. The court accepted the plea after finding a free and voluntary waiver of rights and a factual basis.

[¶ 5.] At sentencing, the State and Richards requested the mandatory minimum sentence:

MS. THOMAS: Your Honor, it's my understanding that there is a mandatory minimum under these circumstances of seven years in the state penitentiary. And that sentence may not—no portion of that sentence may be suspended. So at this time the State would request that this Court impose at least the mandatory minimum of seven years. It's my understanding there is no restitution in this matter.

THE COURT: Thank you. Counsel?

MR. ANDERSEN: That's our request too, Your Honor, is that you not go past the mandatory minimum of seven years. He'll return to the penitentiary where he's got a good portion of his seven-year sentence from the DWI's left and it's doubtful that would he even get parole on those.

After Richards addressed the court and the court questioned him, the court concluded "[t]he legislature has seen fit to give me no choice as far as the seven years and that's all I'm going to give you."

### DISCUSSION

[¶ 6.] Richards contends that he should be allowed to withdraw his guilty plea because the trial court, before accepting his plea, failed under SDCL 23A–7–4(1)(Rule 11(c)), to advise him of the mandatory minimum sentence. While he did not present his claim of a violation of SDCL 23A–7–4(1) to the trial court, this Court reviews the appeal for plain error. *State v. Nikolaev*, 2000 SD 142, 619 N.W.2d 244.

"Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of a court." SDCL 23A–44–15; *State v. Baker*, 440 N.W.2d 284, 291 (S.D.1989). *See United States v. Hernandez–Fraire*, 208 F.3d 945, 949 (11th Cir.2000)(Rule 11 violations not previously presented to the trial court are reviewed for plain error).

*Id.*, 2000 SD 142 at ¶ 5, 619 N.W.2d at 245.

[¶ 7.] SDCL 23A–7–4(1) provides: Before accepting a plea of guilty or nolo contendere a court must address the defendant personally in open court, subject to the exception stated in § 23A–7–5, and inform him of, and determine that he understands, the following:

(1) The nature of the charge to which the plea is offered, the mandatory

minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

It is the trial court's responsibility to inform a defendant of the mandatory minimum penalty and the maximum possible penalty provided by law. *State v. Wilson,* 459 N.W.2d 457 (S.D.1990).

[¶ 8.] Under Rule 11, there must be substantial compliance. *State v. Nikolaev,* 2000 SD 142 at ¶ 10, 619 N.W.2d at 246. In *State v. Sutton,* 317 N.W.2d 414, 415 (S.D.1982), this Court reversed a guilty plea because the trial court had not informed the defendant of his right to a jury trial in Tripp County. This Court added that informing the defendant that he had a right to a jury trial in Tripp County at the preliminary hearing would not be substantial compliance. Due process required that the defendant be informed at the arraignment before he pled guilty. *See Croan v. State,* 295 N.W.2d 728 (S.D.1980)(guilty plea invalid where defendant was never advised that he had a constitutional and statutory right to a speedy public trial in Yankton County.) *Accord, Violett v. State,* 295 N.W.2d 730 (S.D.1980); *Blindert v. State,* 295 N.W.2d 731 (S.D.1980).

[¶ 9.] Escape is a Class 4 felony, SDCL 22–11A–2, with a maximum penalty of ten years imprisonment in the penitentiary and a $10,000 fine. SDCL 22–6–1(6). A conviction as a result of escape is punished by a mandatory minimum sentence:

A conviction under § 22–11A–2 as a result of an escape from Department of Corrections custody shall be punished by a mandatory sentence in the state penitentiary of not less than seven years, which may not be suspended. Probation or suspended execution of sentence may not form the basis for reducing the mandatory time of incarceration required by this section.

SDCL 22–11A–8.

[¶ 10.] SDCL 23A–7–4(1) obligated the trial court to inform Richards of the mandatory minimum sentence prescribed by SDCL 22–11A–8. It did not do so.

[¶ 11.] While this Court has discussed the consequences of a failure to advise of a maximum penalty in the context of collateral attacks to guilty pleas,[1] it has not discussed the implications of the failure to advise of a mandatory minimum sentence in the context of a direct appeal. The North Dakota Supreme Court has, however-er.

---

**1.** In *State v. King,* 400 N.W.2d 878 (S.D. 1987), King was collaterally attacking two prior convictions contributing to his DWI third. The trial court did not advise him of the maximum sentence pursuant to SDCL 23A–7–4. The Court embraced *Keel v. United States,* 585 F.2d 110, 113 (5thCir.1978) which held:

Regardless of what principal of law is applied in direct appeals, we hold that when a collateral attack is made on a guilty plea for failure of the district court to literally comply with new Rule 11, the defendant must show prejudice in order to qualify for § 2255 relief. In the absence of a fundamental defect which inherently results in the miscarriage of justice, or an omission inconsistent with the demands of fair procedure, relief cannot be given in a collateral attack on a guilty plea conviction based on failure of Rule 11 compliance when the plea was taken.

In *State v. Moeller,* 511 N.W.2d 803 (S.D. 1994) the Court noted that failure to comply with SDCL 23A–7 does not rise to the level of a constitutional issue and is not proper for consideration of habeas corpus or similar collateral attack. The failure to advise a defendant of a maximum sentence under SDCL 23A–7–4 is not a constitutional defect, in and of itself does not smack of a miscarriage of justice, and does not give rise to an opportunity to launch a collateral attack on a predicate conviction.

[¶ 12.] In *State v. Schumacher*, 452 N.W.2d 345 (N.D.1990) the court did not, pursuant to the North Dakota equivalent of SDCL 23A–7–4(1), advise Schumacher of the mandatory minimum sentence prior to accepting the guilty plea. As in Richards, the State argued that there was substantial compliance with Rule 11 because Schumacher's counsel at the sentencing hearing requested imposition of the mandatory minimum sentence. The court said:

> The fact that the mandatory minimum sentencing procedure was discussed and argued by counsel at the sentencing hearing, after the plea had been accepted does not cure the failure to comply with the requirements of Rule 11. The purpose of the procedure outlined in Rule 11(b) is to ensure that the defendant is fully aware of the consequences of a guilty plea before he enters his plea. That purpose is not satisfied by evidence showing that counsel raised the issue during sentencing proceedings, after the plea had been made and accepted.

*Schumacher*, 452 N.W.2d at 346–347.

[¶ 13.] The *Schumacher* court held that the failure to advise of the mandatory minimum sentence:

> is more than a technical, harmless error and demonstrates a manifestation of injustice. *See State v. Gustafson*, 278 N.W.2d 358 (N.D.1979). We conclude that when the trial court does not advise the defendant of the mandatory minimum sentence in accordance with Rule 11(b)(2), the interests of justice require that the defendant be allowed to withdraw his plea of guilty.

*Schumacher*, 452 N.W.2d at 348.

[¶ 14.] The North Dakota Supreme Court further elaborated in *State v. Schweitzer*, 510 N.W.2d 612, 616 (N.D. 1994):

> The trial court's express statement on the record of an applicable mandatory minimum sentence eliminates the inherent danger of misinterpreting whether the defendant's decision to plead guilty was made with full knowledge of the sentence which must be imposed as a result of that plea. *Schumacher.* That advice does not appear on the record before us. When the trial court does not advise the defendant of the mandatory minimum sentence in accordance with Rule 11(b)(2), the interests of justice require that the defendant be allowed to withdraw his plea of guilty. *Schumacher.*

*See, generally*, 5 Wayne R. LaFave et al, *Criminal Procedure* § 21.5(d) (1999). We find the North Dakota rationale persuasive.

[¶ 15.] Under SDCL 23A–7–4(1) the trial court has the duty to inform a defendant of the mandatory minimum penalty and the maximum possible penalty. The importance of advising a defendant of the minimum penalty cannot be denied since a mandatory minimum penalty is an absolute while a maximum penalty is only a possibility. Here the record is clear that the trial court did not advise Richards of the mandatory minimum sentence according to the dictates of SDCL 23A–7–4(1). Consequently, the record does not indicate that Richards understood the nature and consequences of his plea. *See, State v. Wika*, 464 N.W.2d 630 (S.D.1991). The interests of justice require that Richards be allowed to withdraw his plea.

[¶ 16.] Accordingly, the judgment is reversed and the case remanded to allow Richards to withdraw his guilty plea.

[¶ 17.] SABERS and AMUNDSON, Justices, concur.

[¶ 18.] GILBERTSON, Chief Justice, and KONENKAMP, Justice, dissent.

GILBERTSON, Chief Justice (dissenting).

[¶ 19.] I respectfully dissent.

[¶ 20.] It is undisputed that the trial court failed to advise Richards of the mandatory minimum sentence for escape, as required by SDCL 23A–7–4, up until the time of the sentencing hearing. Richards was, however, informed of the minimum penalty before sentence was pronounced. This procedural flaw is not sufficient to withdraw a guilty plea once sentencing has occurred. *See United States v. Timmreck*, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979) (holding collateral relief not available to defendant who shows only violation of formal requirements of Rule 11 and no prejudice).

[¶ 21.] Under this Court's precedent, Richards is required to show prejudice before relief can be granted. *See Moeller*, 511 N.W.2d at 809–10; *King*, 400 N.W.2d at 880.

> Regardless of what principal [sic] of law is applied in direct appeals, we hold that when a collateral attack is made on a guilty plea for failure of the district court to literally comply with new Rule 11, *the defendant must show prejudice in order to qualify for § 2255 relief.* In the absence of a fundamental defect which inherently results in the miscarriage of justice, or an omission inconsistent with the demands of fair procedure, relief cannot be given in a collateral attack on a guilty plea conviction based on failure of Rule 11 compliance when the plea was taken.

*King*, 400 N.W.2d at 880 (quoting *Keel*, 585 F.2d at 113) (emphasis added). Richards has neglected to show sufficient evidence that he would have changed his plea had he been notified of the consecutive seven-year minimum sentence required for the offense of escape.

[¶ 22.] Furthermore, Richards failed to preserve his claim for appeal when he did not move to withdraw his plea upon hearing the minimum penalty at sentencing. A defendant is entitled to move to withdraw his plea up until such time as the sentence is imposed. SDCL 23A–27–11. At a bare minimum, Richards could have moved to withdraw his guilty plea when the State's Attorney stated "it's my understanding that there is a mandatory minimum under these circumstances of seven years in the state penitentiary." He had a second opportunity when the judge stated "the [L]egislature has seen fit to give me no choice as far as the seven years and that's all I'm going to give you." Instead, defense counsel simply agreed with the State's Attorney and requested the seven-year minimum be imposed.

[¶ 23.] The majority attempts to make an artificial distinction between failing to advise a defendant of the mandatory maximum penalty, as decided by this Court in *King* and *Moeller*, and failing to advise the defendant of the mandatory minimum penalty, as alleged herein. I do not find the North Dakota rationale persuasive. *See, e.g., Holmes v. United States*, 876 F.2d 1545, 1550 (11thCir.1989) (holding failure to inform defendant of ten-year minimum sentence not "so fundamentally defective as to result in a complete miscarriage of justice, or inconsistent with rudimentary demands of fair procedure." (quoting *Keel*, 585 F.2d at 114)); *State v. Rouse*, 206 Neb. 371, 293 N.W.2d 83, 88 (1980) (holding failure to advise defendant of maximum or minimum penalty "did not prejudice the rights of the defendant or result in manifest injustice."). Therefore, I would affirm the judgment of the trial court in this case.

[¶ 24.] KONENKAMP, Justice, joins this dissent.