#24788-a-PER CURIAM
**2008 SD 118**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

STATE OF SOUTH DAKOTA,            Plaintiff and Appellee,

    v.

BRIAN K. WRIGHT,            Defendant and Appellant.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT
OF THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE A. P. FULLER
Judge

\* \* \* \*

LAWRENCE E. LONG
Attorney General

FRANK GEAGHAN
Assistant Attorney General            Attorneys for plaintiff
Pierre, South Dakota            and appellee.

BRYAN T. ANDERSEN
Office of Public Defender            Attorneys for defendant
Rapid City, South Dakota            and appellant.

\* \* \* \*

CONSIDERED ON BRIEFS
ON SEPTEMBER 29, 2008

OPINION FILED 12/10/08

#24788

PER CURIAM

[¶1.]        Brian Wright attacks the validity of his guilty plea following an arraignment in which he was not advised of the mandatory minimum sentence as required by SDCL 23A-7-4 (Rule 11).[1]  Because Wright is relegated to plain error review and has not established prejudice, we affirm.

## FACTS

[¶2.]        Wright, his wife and four step-children lived in Rapid City, South Dakota.  On September 13, 2007, Wright's wife, B.W., found Wright naked in bed with her nine-year-old daughter, A.M., who was masturbating Wright.  B.W. immediately reported the matter to law enforcement.  Wright was arrested and later indicted for one count of sexual contact with a child under age sixteen.  The State also filed a part two habitual offender information alleging that Wright had four prior felony convictions.

[¶3.]        Wright was arraigned on October 22, 2007.  He was advised of the charge, his rights, and the available pleas and their consequences.  He was also advised of the part two information and its impact on the maximum penalty he faced.  However, Wright was not advised of any applicable mandatory minimum sentence.  The trial court did advise Wright of the potential for payment of costs and restitution if he was found guilty.  As to the advisements given by the trial court, Counsel for Wright indicated he had discussed the same matters with Wright and believed Wright understood them.  Following the trial court's advisements, Wright

_____

1.      SDCL 23A-7-4 is patterned after Federal Rule of Criminal Procedure 11 and
        is itself captioned "(Rule 11(c))."

entered a not guilty plea to the sexual contact charge and denied the allegations of the habitual offender information.

[¶4.]    A plea bargain was subsequently reached that involved Wright's guilty plea to the sexual contact charge and his admission to the part two information. In exchange, the State agreed not to file additional sexual contact and first degree rape charges for other incidents of abuse involving A.M. in both Pennington and Meade County. In addition, Wright agreed to admit a probation violation relating to a prior conviction for passing a check against insufficient funds. Finally, Wright agreed to obtain a sexual offender evaluation, follow its recommendations, and pay certain costs and restitution. Both the prosecution and defense remained free to comment at sentencing.

[¶5.]    Defense counsel advised the trial court of the contents of the plea bargain at a change-of-plea hearing on November 30, 2007. The court informed Wright of the consequences of a guilty plea and the maximum possible penalty he faced, but he was not advised of the mandatory minimum penalty. After confirming that his plea was a free and voluntary act, Wright pleaded guilty to the sexual contact charge and provided a factual basis for the plea. Wright also admitted the allegations of the part two habitual offender information.

[¶6.]    Wright was sentenced on January 23, 2008, to fifty years in the penitentiary plus costs and restitution. He appeals attacking the validity of his plea, arguing that failure to advise him of the applicable mandatory minimum penalty renders the plea invalid and requires reversal of his conviction and a remand so that he may withdraw his plea.

## ISSUE

[¶7.]     **Whether Wright should be allowed to withdraw his guilty plea.**

[¶8.]     Wright pleaded guilty to sexual contact with a child under sixteen in violation of SDCL 22-22-7.  That statute provides in pertinent part:  "Any person, sixteen years of age or older, who knowingly engages in sexual contact with another person . . . if the other person is under the age of sixteen years is guilty of a Class 3 felony."  *Id.*  Because Wright's victim was only nine years old, SDCL 22-22-1.2(2) provided the following mandatory minimum penalty for the offense:  "If any adult is convicted of any of the following violations, the court shall impose the following minimum sentences: . . . (2) For a violation of § 22-22-7 if the victim is less than thirteen years of age, ten years for a first offense."  *Id.*

[¶9.]     SDCL 23A-7-4 (Rule 11) requires that, before accepting a guilty plea, a trial court must advise a defendant of any mandatory minimum penalty applicable to the offense.  The statute provides in relevant part:

> Before accepting a plea of guilty or nolo contendere a
> court must address the defendant personally in open
> court, subject to the exception stated in § 23A-7-5, and
> inform him of, and determine that he understands, the
> following:
>
> (1)     The nature of the charge to which the plea is
>         offered, *the mandatory minimum penalty*
>         *provided by law*, if any, and the maximum
>         possible penalty provided by law[.]

SDCL 23A-7-4(1) (emphasis added).  Wright argues that the failure to advise him of the mandatory minimum penalty in accordance with this statute renders his plea

#24788

invalid and that his conviction must be reversed and the matter remanded for him to withdraw his plea.

[¶10.] Wright never raised this issue before the trial court and never sought to withdraw his plea before that court. Thus, the error in failing to advise of the mandatory minimum penalty under SDCL 23A-7-4(1) was not preserved by timely objection. [2] Nevertheless, Wright points out that in *State v. Richards*, 2002 SD 18, 640 NW2d 480, this Court held that, in the interests of justice, a similar failure to advise of a mandatory minimum penalty was plain error requiring reversal to allow that defendant to withdraw his guilty plea. The *Richards* Court concluded:

> Under SDCL 23A-7-4(1) the trial court has the duty to inform a defendant of the mandatory minimum penalty and the maximum possible penalty. The importance of advising a defendant of the minimum penalty cannot be denied since a mandatory minimum penalty is an absolute while a maximum penalty is only a possibility. Here the record is clear that the trial court did not advise Richards of the mandatory minimum sentence according to the dictates of SDCL 23A-7-4(1). Consequently, the record does not indicate that Richards understood the nature and consequences of his plea. The interests of justice require that Richards be allowed to withdraw his plea.

*Richards*, 2002 SD 18, ¶15, 640 NW2d at 483 (citation omitted). Notably, two members of the Court dissented because Richards failed to establish prejudice. *Id.* at ¶21, 640 NW2d at 484 (Gilbertson, C.J.and Konenkamp, J., dissenting).

---

2. In our recent case State v. Apple, 2008 SD __, __ NW2d __ (Appeal #24672), the defendant moved to withdraw his guilty plea. Furthermore, both parties in that litigation treated the advisement failure as an issue that had been preserved for appellate review. Therefore, we did not review that case under the plain error doctrine.

-4-

[¶11.]        Furthermore, *Richards* was revisited in *Brakeall v. Weber*, 2003 SD 90, 668 NW2d 79.  In that case, a habeas corpus petitioner alleged his guilty pleas to multiple counts of rape and sexual contact with a minor were invalid because the trial court failed to advise him of the mandatory minimum penalties for his offenses.  This Court held that failure to advise of the mandatory minimums was not a constitutional defect entitling the petitioner to habeas relief and was not within the scope of habeas review.  The Court also offered the following additional analysis regarding a defendant's obligation to establish prejudice in a collateral attack on a guilty plea following a Rule 11 violation:

> Furthermore, even if habeas review were appropriate in order to collaterally attack his plea Brakeall is required to demonstrate prejudice resulting from the trial court's failure to comply with Rule 11.  *See* United States v. Timmereck, 441 US 780, 99 SCt 2085, 60 LEd2d 634 (1979) (holding collateral relief not available to defendant who shows only violation of formal requirements of Rule 11 and no prejudice).  Here, not one but two habeas courts have found that Brakeall did not suffer prejudice as a result of the trial court's failure to advise of the mandatory minimums.  The findings demonstrate that Brakeall was aware he faced a sentence in the double digits; Brakeall intended to plead guilty from the beginning of the case; and, based upon Brakeall's statements at sentencing and counsel's comments, the trial court's advisement of the mandatory minimum would not have made a difference in the decision to plead guilty.  Those findings are not clearly erroneous on this record.  As a result, Brakeall has not met his burden and the writ of habeas corpus relating to this issue was properly denied.

*Brakeall*, 2003 SD 90, ¶ 11, 668 NW2d at 83.

[¶12.]        The *Brakeall* requirement of prejudice was not a clear overruling of *Richards* because *Brakeall* was a habeas corpus case and *Brakeall* made clear that

notwithstanding *Richards*, relief could not be granted in a collateral attack on a guilty plea for failure to comply with Rule 11 absent a showing of prejudice by the petitioner. *See Brakeall*, 2003 SD 90, ¶10, 668 NW2d at 83 (quoting *Richards*, 2002 SD 18, ¶11, 640 NW2d at 482, n1). Nevertheless, our *Brakeall* requirement of prejudice is consistent with the post-*Richards* decision of the United States Supreme Court in a *direct appeal* involving the failure to give Rule 11 warnings. *See* United States v. Dominguez Benitez, 542 US 74, 124 SCt 2333, 159 LEd2d 157 (2004).

[¶13.] In *Dominguez Benitez*, the district court accepted a guilty plea after advising the defendant of all required Rule 11 warnings except that the defendant could not withdraw his plea if the court did not accept the sentencing recommendation. The defendant argued for the first time on direct appeal that the failure to provide him with the omitted warning required reversal. The court of appeals agreed, holding, like this Court in *Richards*, that the failure to provide a Rule 11 warning was plain error affecting the defendant's substantial rights that required reversal in the interests of justice. The United States Supreme Court then granted certiorari on the question of "'[w]hether, in order to show that a violation of Federal Rule of Criminal Procedure 11 constitutes reversible plain error, a defendant must demonstrate that he would not have pleaded guilty if the violation had not occurred.'" *Dominguez Benitez*, 542 US at 80, 124 SCt at 2338. The Court held that such a showing of prejudice was required:

> [A] defendant who seeks reversal of his conviction after a
> guilty plea, on the ground that the district court
> committed plain error under Rule 11, must show a
> reasonable probability that, but for the error, he would

not have entered the plea. A defendant must thus satisfy the judgment of the reviewing court, informed by the entire record, that the probability of a different result is "sufficient to undermine confidence in the outcome" of the proceeding.

*Id.*, 542 US at 83, 124 SCt at 2340 (citations omitted). In analyzing the record in *Dominguez Benitez*, the Supreme Court made the following observations:

[I]f it is reasonably probable [the defendant] would have gone to trial absent the error, it is no matter that the choice may have been foolish. The point, rather, is to enquire whether the omitted warning would have made the difference required by the standard of reasonable probability; it is hard to see here how the warning could have had an effect on Dominguez's assessment of his strategic position. . . . [T]he Rule 11 error made no difference to the outcome here.

*Dominguez Benitez*, 542 US at 85, 124 SCt at 2341.[3]

[¶14.]     Given this development of the law after *Richards* and, particularly, the decision in *Dominguez Benitez*, we overrule that portion of both *Nikolaev* and *Richards* implying or holding that any warning error under Rule 11 in accepting a guilty plea constitutes reversible plain error on appeal without a showing of

---

3.     The *Dominguez Benitez* analysis has recently been followed by the Eleventh Circuit Court of Appeals in determining whether other Rule 11 violations constitute plain error. *See e.g.* U.S. v. Brown, 526 F3d 691, 704 (11th Cir 2008) (noting that to obtain reversal of a conviction after a guilty plea on grounds that the district court committed plain error under Rule 11, the appellant must demonstrate a reasonable probability that, but for the error, he would not have entered the plea). This decision is significant because this Court originally relied on the Eleventh Circuit in stating that violations of the state version of Rule 11 not previously presented to the trial court may be reviewed for plain error. *See* State v. Nikolaev, 2000 SD 142, ¶5, 619 NW2d 244, 245 (citing United States v. Hernandez-Fraire, 208 F3d 945, 949 (11th Cir 2000)). *Nikolaev* was one of the primary authorities relied upon in *Richards*, 2002 SD 18, ¶6, 640 NW2d at 481.

prejudice. Rather, we adhere to the Supreme Court's holding in *Dominguez Benitez*. Accordingly, a defendant seeking reversal of a conviction after a guilty plea on the grounds of plain error under Rule 11 must show prejudice, *i.e.*, "a reasonable probability that, but for the error, he would not have entered the plea." *Dominguez Benitez*, 542 US at 83, 124 SCt at 2340. This is consistent with the legislative direction and our jurisprudence requiring a showing of prejudice to establish plain error. *See* SDCL 23A-44-15 ("[p]lain errors or defects *affecting* substantial rights may be noticed although they were not brought to the attention of a court") (emphasis added)). *See also* State v. Buchhold, 2007 SD 15, ¶56, 727 NW2d 816, 829 (holding that appellant could not "show that there was any resultant prejudice and therefore [could not] establish there was plain error"); State v. Asmussen, 2006 SD 37, ¶37, 713 NW2d 580, 591 (stating that to show plain error, "[t]he defendant bears the burden of showing the error was prejudicial"); State v. Talarico, 2003 SD 41, ¶33, 661 NW2d 11, 23 (stating that in showing plain error, "[t]he defendant has the burden of establishing prejudice"); State v. Corey, 2001 SD 53, ¶19, 624 NW2d 841, 845-46 (holding that an issue did not rise to the level of plain error where the error was harmless and the trial court took action to cure any prejudice).

[¶15.] Applying the *Dominguez Benitez* standards here, Wright neither argues nor shows that, but for the error in failing to warn him of the mandatory minimum penalty, he would not have entered his guilty plea. On the contrary, a review of the entire record makes clear that omission of the warning could have had no effect on Wright's assessment of his strategic position. This was not a case where Wright might reasonably have expected a suspension or sentence shorter

than the ten year mandatory minimum sentence. The entire focus of Wright's plea bargaining was on the maximum, not the minimum, sentence. Based upon his prior felony record and the warnings given by the trial court, Wright knew that, if he was convicted as charged, he faced a maximum possible penalty of fifty years in the penitentiary and a fine of $50,000. Through plea bargaining, he also knew that the State was prepared to file a number of additional felony charges against him for sexual abuse of the victim that, with his record, could have led to significantly more prison time including multiple life terms. Thus, the choice before Wright was clear, acceptance of a sure fifty year maximum sentence by pleading guilty or risking even more penitentiary time, and even a life sentence, by going to trial on multiple felony charges. In this calculation, Wright has not shown that an additional warning about the mandatory minimum sentence of ten years in the penitentiary would have resulted in a decision to go to trial.

[¶16.]     Based upon the failure to argue or establish the prejudice necessary to show plain error, Wright was not entitled to withdraw his guilty plea for a Rule 11 violation.

[¶17.]     Affirmed.

[¶18.]     GILBERTSON, Chief Justice, and SABERS, KONENKAMP, ZINTER and MEIERHENRY, Justices, participating.