#24435-rev & rem-PER CURIAM

**2007 SD 109**

IN THE SUPREME COURT

OF THE

STATE OF SOUTH DAKOTA

\* \* \* \*

STATE OF SOUTH DAKOTA,                   Plaintiff and Appellee,

  v.

JOHN H. NACHTIGALL,                       Defendant and Appellant.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE THIRD JUDICIAL CIRCUIT
BROOKINGS COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE VINCENT A. FOLEY
Judge

\* \* \* \*

LAWRENCE E. LONG
Attorney General

STEVEN R. BLAIR
Assistant Attorney General
Pierre, South Dakota                      Attorneys for plaintiff
                                   and appellee.


DAVID M. HOSMER
Yankton, South Dakota                     Attorney for defendant
                                   and appellant.

\* \* \* \*

CONSIDERED ON BRIEFS
ON AUGUST 27, 2007

OPINION FILED **10/24/07**

PER CURIAM

[¶1.]        John H. Nachtigall (Nachtigall) appeals his criminal conviction for

illegally obtaining property or services with a credit card.  He contends that his

rights under SDCL 23A-7-2 (Rule 11(a)), and 23A-7-14 (Rule 11(f)) as well as his

constitutional due process rights were violated due to an insufficient factual basis

for accepting his guilty plea.  We reverse and remand.

### FACTS AND PROCEDURE

[¶2.]        Between January 2, 2006 and November 21, 2006, Nachtigall worked

for David Grayson (Grayson) on a contract basis.  Grayson gave Nachtigall a gas

credit card issued by Martin Oil, Brookings, South Dakota.  Grayson authorized

Nachtigall only to use the credit card for the purpose of purchasing gas for

Grayson's vehicles and equipment while Nachtigall was using them as part of his

employment.  Without Grayson's permission, Nachtigall used the credit card for

personal expenditures.

[¶3.]        On December 6, 2006, the State filed a complaint against Nachtigall

charging him with illegally obtaining property or services with a credit card, in

violation of SDCL 22-30A-8.1,[1] 22-30A-17,[2] and 22-30A-18.[3]   Nachtigall was later

---

1.        SDCL 22-30A-8.1 provides:
             Any person who, by use of a credit card issued to another person,
             without the consent of the person to whom issued, or by use of a
             credit card which has been revoked or canceled or has expired,
             or by use of a falsified, mutilated, altered, or counterfeit credit
             card obtains property or services on credit, is guilty of theft.

2.        The relevant portion of SDCL 22-30A-17 provides:
             Theft is grand theft, if the property stolen:
             (1)        Exceeds one thousand dollars in value;

                                                                    (continued . . .)

arrested and appointed counsel. Circuit Judge Rodney J. Steele arraigned Nachtigall on an indictment, which was read in open court. The court explained to Nachtigall the elements of the crime and all his constitutional and statutory rights. Nachtigall indicated that he understood the charge and his rights.

[¶4.]        Thereafter, pursuant to a plea agreement, Nachtigall entered a plea of guilty, and the court accepted it after the following colloquy:

> [The Court]: Between the 2nd of January and the 21st of November, 2006, in Brookings county, did you obtain gasoline by use of a credit card issued by Martin Oil to one David Grayson?
>
> [Nachtigall]: Yes, I did.
>
> [The Court]: Did you obtain that gasoline without his knowledge or consent?
>
> [Nachtigall]: No, not completely.
>
> [The Court]: What do you mean not completely?
>
> [Nachtigall]: Well, I have been working for him for the last two and a half years, and he gave me the credit card to use whenever I needed his vehicles, and like I said, I have been working for him and so I don't know – okay.
>
> [The Court]: Did you seek his permission before each instance?
>
> [Nachtigall]: Okay. No.
>
> [The Court]: And the value of that gasoline exceeded a thousand dollars?

_____

(. . . continued)

              ***

3.        SDCL 22-30A-18 provides:
> Amounts involved in thefts, whether from the same person or several persons, committed pursuant to one scheme or course of conduct, may be aggregated in determining the degree of the offense.

[Nachtigall]: Yes.

[The Court]: Based upon that, I will find a sufficient factual basis to receive the plea.

Circuit Judge Vincent A. Foley sentenced Nachtigall to eight years in prison with two years suspended and ordered him to pay full restitution. Nachtigall appeals, arguing that there was an insufficient factual basis to accept his plea of guilty, under SDCL 23A-7-2 (Rule 11(a)),[4] and 23A-7-14 (Rule 11(f)).[5]

## ANALYSIS AND DECISION

[¶5.]      Our standard of review in a challenge to the adequacy of the factual basis for accepting a guilty plea is well settled.

> Before accepting a guilty plea, a court must be subjectively satisfied that a factual basis exists for the plea. The court must find a factual basis for each element of the offense. The factual basis must appear clearly on the record.

State v. Schulz, 409 NW2d 655, 658 (SD 1987) (citations omitted). The factual basis may come from "anything that appears on the record." *Id.* (noting "[i]t is not necessary that a defendant state the factual basis in his own words.") (citations omitted). Moreover,

> [r]eading the indictment to the defendant coupled with his admission of the acts described in it is a sufficient factual basis for a guilty plea, as long as the charge is uncomplicated, the

---

4.     SDCL 23A-7-2 (Rule 11(a)) provides in pertinent part:
       The court may not enter a judgment unless it is satisfied that there is a factual basis for any plea except a plea of nolo contendere.

5.     SDCL 23A-7-14 (Rule 11(f)) provides:
       The court shall defer acceptance of any plea except a plea of nolo contendere until it is satisfied that there is a factual basis for the offense charged or to which the defendant pleads.

> indictment detailed and specific, and the admissions unequivocal.

*Id.* (citations omitted). In cases where defendants proclaim their innocence while at the same time pleading guilty, the factual basis to support such pleas must be "strong." *Gregory v. State*, 325 NW2d 297, 299 (SD 1982) (quoting *North Carolina v. Alford*, 400 US 25, 38 (1970)). This type of plea has been referred to as the "*Alford* plea." "The so-called '*Alford* plea' is nothing more than a guilty plea entered by a defendant who either: 1) maintains that he is innocent; or 2) without maintaining his innocence, 'is unwilling or unable to admit' that he committed 'acts constituting the crime.'" *United States v. Tunning*, 69 F3d 107, 110 (6thCir 1995) (citation omitted). However, "[i]f the defendant cannot or will not admit to the facts establishing the elements of the crime, the trial court may admit transcripts [of testimony], [oral testimony, other sworn statements, or tangible evidence] which will satisfy [the court] of the existence of the factual basis for the plea." *Gregory,* 325 NW2d at 299 (quoting *Spirit Track v. State*, 272 NW2d 803, 805). In *Gregory v. State,* we noted a denial "of acts constituting essential elements of the offense raises further question of whether the defendant fully understood the nature of the offense charged." *Id.*

[¶6.] "The factual basis requirement, codified at SDCL 23A-7-2, is very closely patterned after Federal Rule of Criminal Procedure 11(f). Thus, to guide our interpretation of SDCL 23A-7-2, we look to the federal courts' interpretation of Rule 11(f)." *Schulz*, 409 NW2d at 657-58.

[¶7.] Nachtigall contends that the trial court accepted his guilty plea without properly finding a factual basis for each element of the offense. He submits

that his responses to the court's questioning demonstrate an equivocation illustrating his failure to understand the offense charged. In particular, Nachtigall claims that he did not understand he was being charged with illegally obtaining property *exceeding one thousand dollars*. He argues that the factual basis upon which the trial court accepted his guilty plea was statutorily inadequate.

[¶8.] Developing a factual basis on the record is essential to the plea process. In *Schulz* we stated:

> Receiving guilty pleas is a process beset with pitfalls. The two most dangerous of these have long been recognized: coerced pleas[6] and ignorant pleas. The first of these plainly is condemned by the Fifth Amendment's mandate that no one be compelled in any criminal case to be a witness against himself. The second arises from the guilty plea as perhaps the supreme instance of waiver known to our system of justice, one by which all [ ] trial rights and safeguards are voluntarily foregone, and a defendant deliberately submits to conviction. If this is to be permitted, a decent system of justice, at a minimum, will concern itself that the admission is voluntary and intelligently made. These are core considerations, requirements that manifestly must lie at the heart of any respectable system for settling (as opposed to trying) criminal charges.

*Schulz*, 409 NW2d at 658 (citing United States v. Dayton, 604 F2d 931 (5thCir 1979)). The factual basis requirements in SDCL 23A-7-2 (Rule 11(a)) and SDCL 23A-7-14 (Rule 11(f)) were "designed to protect these core considerations by ensuring that a guilty plea is entered voluntarily and intelligently." *Schulz,* 409 NW2d at 658. In this case, the lack of a sufficient factual basis leads us to

---

6.   In exchange for Nachtigall's guilty plea, the State agreed not to bring a habitual offender charge. Nachtigall contends that his fear, based on the coercive tactics of the prosecutor, forced him to unwittingly plead to a charge he did not understand. In light of our holding on the statutory violation, we make no determination on this claim.

determine that the guilty plea was erroneously accepted. Without an adequate factual basis, the trial court cannot assure itself and this Court the guilty plea was voluntarily and intelligently entered. *Schulz,* 409 NW2d at 658.

[¶9.] In plea hearings, the record must demonstrate that defendants not only understand the constitutional and statutory rights they are waiving by pleading guilty, but also fully understand the charges for which they are admitting guilt. "[B]ecause a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." McCarthy v. United States, 394 US 459, 466, 89 SCt 1166, 1171, 22 LEd2d 418 (1969). Nachtigall's responses to the court's questions never demonstrated his understanding of the charge or how it related to the facts.

[¶10.] During questioning, Nachtigall revealed that some of the credit card charges were permitted by his employer. When asked if the gas was purchased without consent, Nachtigall stated, "[n]o, not completely." When the court asked what he meant by this answer, Nachtigall said that he had permission to use the credit card for his ongoing employment, adding, "so I don't know – okay." The court did inquire into whether he requested permission before each use of the credit card; however, it was never established whether any express permission was required before each use. Finally, the court asked if "the value of that gasoline exceeded a thousand dollars?" Nachtigall answered in the affirmative.

[¶11.] The State argues that the court's mention of "that gasoline" in its question was in reference to the illicitly obtained gas. Yet the earlier questioning

was in reference to all the gas Nachtigall purchased on the credit card. Although the previous exchange related to whether he received permission before each use, the court never clarified whether its question referred to the illicitly obtained gas. There must be "a factual basis for each element of the offense." *Schulz*, 409 NW2d at 658 (citations omitted). This element, in particular, is extremely important, as it is the nucleus of the felony charge. *See* SDCL 22-30A-17(1). Nachtigall would only face a charge of petty theft without this element. *See* SDCL 22-30A-17.2 (petty theft in the first degree is when "value of the property stolen exceeds four hundred dollars but does not exceed one thousand dollars."). The court never specifically inquired whether the illicit charges added up to over one thousand dollars, the key element of the felony charge.

[¶12.]     A guilty plea is an admission; however, a guilty plea cannot be accepted without a proper factual basis. SDCL 23A-7-2; and 23A-7-14. In this case, the record lacks any specific evidence permitting a judge to subjectively determine a factual basis for the guilty plea. Although a court may rely on any evidence to establish a factual basis, here the court relied solely on uncertain answers to incomplete questions. Neither the State nor Nachtigall's attorney added any facts. There was no transcript of the preliminary hearing and no police report was submitted.

[¶13.]     While a factual basis may be gained by different means, a "conversation between the judge and the defendant is clearly the best method for establishing factual basis." *Schulz,* 409 NW2d at 659.

> It is essential that this suggested colloquy between the judge
> and the defendant be meaningful. Simple affirmative or

> negative answers or responses which merely mimic the indictment or the plea agreement cannot fully elucidate the defendant's state of mind. For this reason the trial court should question the defendant in a manner that requires the accused to provide narrative responses. Questions concerning the setting of the crime, the precise nature of the defendant's actions, or the motives of the defendant, for instance, will force the defendant to provide the factual basis in his own words. The court should not be satisfied with coached responses, nor allow a defendant to be unresponsive.
>
> . . . [F]actual admissions from the defendant in his own words and on the record will discourage frivolous post-conviction and appellate attacks on guilty pleas.

*Id.*

[¶14.] When a defendant equivocates while pleading guilty, the court must take extra care to ensure that the record demonstrates a clear factual basis. Although the court conducted a partial canvassing process, Nachtigall's equivocal statements gave an inadequate factual basis for the plea. This constitutes a violation of SDCL 23A-7-2 (Rule 11(a)), and 23A-7-14 (Rule 11(f)). If a factual basis fails to meet the statutory standard, the guilty plea must be set aside and the case must be remanded for another plea hearing. *See* State v. Sutton, 317 NW2d 414, 414 (SD 1982) (stating a guilty plea shall not be accepted on a silent record). Because the statutory violation alone requires reversal, we need not consider the remaining issue of whether Nachtigall's due process rights were violated.

[¶15.] Accordingly, we reverse and remand.

[¶16.] GILBERTSON, Chief Justice, and SABERS, KONENKAMP, ZINTER, and MEIERHENRY, Justices, participating.