#24672-rev & rem-JKM

**2008 SD 120**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,                           Plaintiff and Appellee,

   v.

DUANE APPLE,                                     Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

* * * *

HONORABLE THOMAS L. TRIMBLE
Judge

* * * *

LAWRENCE E. LONG
Attorney General

JOHN M. STROHMAN
Assistant Attorney General                       Attorneys for plaintiff
Pierre, South Dakota                             and appellee.

MURL L. WOODS                                    Attorney for defendant
Rapid City, South Dakota                         and appellant.

* * * *

CONSIDERED ON BRIEFS
ON AUGUST 26, 2008

OPINION FILED **12/17/08**

#24672

MEIERHENRY, Justice

[¶1.]     Duane Apple appeals his judgment and sentence for the crimes of Third and Fourth Degree Burglary. He claims that his guilty plea was not intelligent and voluntary. Based on the totality of the circumstances, we agree and reverse and remand.

## FACTS AND PROCEDURAL BACKGROUND

[¶2.]     Apple was arrested and charged in a four-count complaint, including one count of Third Degree Burglary, two counts of Fourth Degree Burglary, and one count of Possession of Stolen Property.[1] His initial appearance on the complaint was before a magistrate judge on March 20, 2002. At the initial appearance, the magistrate judge advised Apple of the charges in the complaint, the possible penalties of each charge, and his constitutional and statutory rights. The complaint was superseded by an indictment from a grand jury. The indictment charged Apple with three counts of Third Degree Burglary and one count of Fourth Degree Burglary.

---

1.    The complaint charged Apple with the following counts: (1) Third Degree Burglary of the maintenance building at Sioux San Hospital committed on March 19, 2002, (2) Possession of Stolen Property, (3) Fourth Degree Burglary of a pickup truck committed between March 18 and 19, 2002, and (4) Fourth Degree Burglary of a cargo trailer committed between March 18 and 19, 2002.

The indictment charged Apple with the following counts: (1) Third Degree Burglary of the maintenance building at Sioux San Hospital committed on March 19, 2002, (2) Fourth Degree Burglary of a pickup truck committed between March 18 and 19, 2002, (3) Third Degree Burglary of the maintenance building at Sioux San Hospital committed on March 6, 2002, and (4) Third Degree Burglary of the cargo trailer committed between March 18 and 19, 2002.

-1-

[¶3.] Two of four charges in the indictment were the same as charges in the complaint: Third Degree Burglary of the maintenance building at Sioux San Hospital committed on March 19, 2002 and Fourth Degree Burglary of a pickup truck committed between March 18 and 19, 2002. Two of the charges in the indictment were different from those in the complaint and carried different penalties: Third Degree Burglary of the maintenance building at Sioux San Hospital committed on March 6, 2002, (not charged in the complaint) and Third Degree Burglary of the cargo trailer committed between March 18 and 19, 2002, (charged in the complaint as Fourth Degree Burglary). After the indictment, the State additionally filed a part II information charging Apple with being a habitual offender.[2]

[¶4.] Apple was arraigned on the indictment in circuit court on April 15, 2002. The court arraigned several other defendants at the same time. The circuit court explained the constitutional and statutory rights to all defendants as a group and the consequences of entering a guilty plea, including waiving their rights to a trial, to confront witnesses against them, and to remain silent. Then, the circuit court addressed each defendant individually to determine if the defendant understood the rights. When the circuit court asked Apple if he understood his rights, he indicated that he did. The circuit court then asked each defendant to enter a plea. When the circuit court reached Apple's case, Apple's attorney advised

---

2. The prosecuting attorney filed a part II habitual offender information on April 4, 2002. The habitual offender information erroneously included two previous felony convictions for Apple. At the time of his pleas, Apple had only been convicted of one felony.

the court that, as a result of a plea agreement with the State, Apple would plead

guilty to Count (2), Fourth Degree Burglary and to Count (3), Third Degree

Burglary. In exchange, the State would dismiss the remaining counts and the

habitual offender information.

[¶5.] Although it is not apparent from the record whether Apple had a copy

of the indictment, the record does indicate that the charges were read in open

court.[3] Beyond reading the indictment, the circuit court did not explain the charges

or the possible penalties. The entire plea colloquy was as follows:

> **Defense counsel**: My client is going to enter into a plea agreement with the state.
> **The court**: Okay.
> **Defense counsel**: My client agrees to plead guilty to Count Three, third degree burglary; and to Count Two, fourth degree burglary, and pay for costs and restitution. And the state agrees to dismiss the remaining counts and the habitual offender information.
> **The court**: Is that your understanding of the agreement, Mr. Apple?
> **The defendant**: Yes.
> . . .
> **The court**: I am going to ask you, as to Count Two, Mr. Apple, alleging you committed a fourth degree burglary, what is your plea, Guilty or not guilty?
> **The defendant**: Guilty.
> **The court**: Can you tell me what you did? That's the pick up.
> **The defendant**: What was that now again?
> **The court**: You just said you were guilty of a fourth degree burglary. Shows a 1992 Toyota pickup. What did you do?
> **The defendant**: I was pretty d[r]unk that night, Your Honor. I don't really remember too much of it.
> **The court**: Do you remember breaking into a pickup?
> **The defendant**: Yeah. I remember taking some stuff from a pickup.

---

3.    The transcript of the arraignment/plea hearing indicates as follows:
      **The court**: Do we have Mr. Apple?
      **Defense counsel**: He's my client, Your Honor.
      (At this time the Information was then read in open court.).
   We assume the parenthetical note mistakenly referred to an Information rather than Indictment.

**The court**: All right. Did you take any stuff out of it or was that your purpose of breaking into it?
**The defendant**: Yeah.
**The court**: All right. As to Count Three, the third degree burglary at Sioux San[ ] Hospital, what's your plea, guilty or not guilty to Count Three?
**The defendant**: Guilty.
**The court**: And can you tell me what you did there?
**The defendant**: I went into the building for an extension cord.
**The court**: One of their extension cords?
**The defendant**: Yeah.
**The court**: All right. I will accept the pleas to Count Two and Count Three. I will find there is a factual basis.
Has anybody threat[en]ed you, forced you, or promised you anything other than what you have heard in court to get you to enter a plea to Count Two and Count Three?
**The defendant**: No.
**The court**: All right. I will find that the plea is freely and voluntarily given. We'll set the matter for sentencing at 9:30 on April 29.

[¶6.]    At the sentencing on April 29, 2002, the circuit court sentenced Apple to two (2) years for Fourth Degree Burglary and seven (7) years for Third Degree Burglary in the South Dakota State Penitentiary, sentences to run concurrently. The State dismissed the other counts and the habitual offender information. Apple attempted to appeal his sentence and withdraw his plea. Apple's appeal was dismissed due to procedural errors. Apple filed a writ of habeas corpus to vacate his sentence, claiming ineffective assistance of counsel. The circuit court found ineffective assistance of counsel for failure to file a timely appeal, vacated the original sentence, and directed that Apple be resentenced. Apple subsequently received the same sentence.

[¶7.]    Apple now appeals the resentence and raises the following issue:

Whether Apple's constitutional due process rights were violated in that his guilty plea was not voluntary because of the following errors by the circuit court:

(1)     the circuit court failed to establish a factual basis prior to accepting his guilty plea,

(2)     the circuit court failed to inform him of the maximum penalties that could be imposed upon conviction,

(3)     the circuit court failed to inform him of the elements which the State would have to prove to convict him of the alleged crimes, and

(4)     the circuit court failed to establish that Apple understood the rights he waived and consequences of entering a guilty plea.

## ANALYSIS

[¶8.]     We review constitutional due process claims de novo. State v. Hayen, 2008 SD 41, ¶5, 751 NW2d 306, 308 (citing State v. Muller, 2005 SD 66, ¶12, 698 NW2d 285, 288). The State concedes that there were "irregularities" when Apple entered his plea of guilty. The State also admits "it is troubled by the apparent void in the transcript regarding notice of the maximum sentence prior to plea." The State's argument is simply that the plea can be considered voluntary based on the totality of the circumstances. The State argues that Apple's plea was voluntary because, first, Apple was informed of the maximum penalties for Third and Fourth Degree Burglaries at his initial appearance before a magistrate 26 days earlier and, second, because of Apple's age, background and experience with the legal system. Nevertheless, "[t]he State recognizes that if the initial appearance and other factors do not meet a totality of the circumstances standard, the case may be subject to reversal and remand."

[¶9.]     Thus, the question is whether the totality of the circumstances sufficiently shows that Apple entered an intelligent and voluntary plea in spite of

the "irregularities," or whether Apple's right to due process has been violated.[4]  We are guided by the Due Process Clause of the United States and South Dakota Constitutions, and statutory rules.  US Const amend V; US Const amend XIV; SD Const art VI §2; SDCL 23A-7-4; SDCL 23A-7-15.

*Due Process Requirements*

[¶10.]        To satisfy due process, certain constitutional and procedural requirements must be followed.  The constitutional rights include the right against self-incrimination, the right to confront witnesses, and the right to trial by jury. Boykin v. Alabama, 395 US 238, 243, 89 SCt 1709, 1712, 23 LEd2d 274 (1969).  In addition, codified criminal procedural rules act "[t]o ensure that guilty pleas and pleas of nolo contendere are voluntary and knowing and to safeguard against violations of a defendant's right to due process[.]"  State v. Miller, 2006 SD 54, ¶17, 717 NW2d 614, 619 (citing McCarthy v. United States*,* 394 US 459, 465, 89 SCt 1166, 1170, 22 LEd2d 418 (1969) (additional citations omitted)); *see* FedRCrimP 11; SDCL 23A-7-4.  The record must show in some manner that the defendant understood his rights in order for the defendant's plea to be entered intelligently and voluntarily.  *See* State v. Beckley, 2007 SD 122, ¶10, 742 NW2d 841, 844.  This

---

4.    In *State v. Wright*, 2008 SD 118, __ NW2d __, unlike the present case, the defendant did not move to withdraw his guilty plea.  Because Wright did not preserve the advisement failure for appellate review, we reviewed the failure in *Wright* under the plain error doctrine.  For reversal under the plain error doctrine, the defendant "must show a *reasonable probability* that, but for the error, he would not have entered the plea."  U.S. v. Dominguez Benitez**,** 542 US 74, 83, 124 SCt 2333, 2340, 159 LEd2d 157 (2004) (emphasis added).  Because Apple asserts a constitutional violation, we need not consider *Dominguez Benitez* here.

Court has required that "[t]he trial court must be able to determine from its own record that the accused has made a free and intelligent waiver of his constitutional rights before a guilty plea is accepted." State v. Sutton, 317 NW2d 414, 416 (SD 1982). The circuit court has the duty to properly inform defendants of the rights relinquished by entering a guilty plea or nolo contendere. State v. Goodwin, 2004 SD 75, ¶14, 681 NW2d 847, 853 (quoting State v. Nikolaev, 2000 SD 142, ¶7, 619 NW2d 244, 245 (citing Croan v. State, 295 NW2d 728, 729 (SD 1980))).

[¶11.]  Apple acknowledges that he was advised of the *Boykin* rights. Shortly before the circuit court asked Apple to enter a plea, the court advised the defendants of the *Boykin* rights as a group. Apple indicated that he understood that he waived his rights against self-incrimination, to confront witnesses, and to a jury trial if he entered a guilty plea. *See Boykin*, 395 US at 243, 89 SCt at 1712; Nachtigall v. Erickson, 85 SD 122, 126-27, 178 NW2d 198, 200 (1970) (applying the *Boykin* rights to South Dakota). Nevertheless, Apple claims that his plea was not voluntary and intelligent because the circuit court failed to advise him of the elements and maximum penalties of his charges and failed to establish a factual basis for his plea.

[¶12.]  South Dakota's procedural rules give guidance on the proper procedure for a court to follow to ensure that a defendant knows and understands his rights. SDCL 23A-7-4 (Rule 11(c)) provides as follows:

> Before accepting a plea of guilty or nolo contendere a court must address the defendant personally in open court, subject to the exception stated in § 23A-7-5, and inform him of, and determine that he understands, the following: *(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty*

*provided by law*; (2) If the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceedings against him and, if necessary, one will be appointed to represent him; (3) That he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself; (4) That if he pleads guilty or nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself; and (5) That if he pleads guilty or nolo contendere, the court may ask him questions about the offense to which he has pleaded, and if he answers these questions under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury.

*Id.* (emphasis added). Also, the court must be "satisfied that there is a factual basis for the offense charged or to which the defendant pleads." SDCL 23A-7-14.

[¶13.]     The "verbatim record of the proceedings at which a defendant enters a plea" must clearly evidence that the court has advised the defendant of his rights and inquired "into the voluntariness of the plea" to ensure that a plea is intelligent and voluntary. SDCL 23A-7-15. The procedure as set forth by statute provides:

A verbatim record of the proceedings at which a defendant enters a plea shall be made and, if there is a plea of guilty or nolo contendere, the record shall include, without limitation, the court's advice to the defendant, the inquiry into the voluntariness of the plea including any plea agreement, and the inquiry into the factual basis of a guilty plea. A verbatim record of a proceeding at which a defendant enters a plea to a misdemeanor need not be taken unless requested by the prosecuting attorney or the defendant.

*Id.* Ultimately, we have said that "'[i]n order for a conviction based upon a guilty plea to stand the plea must be intelligent and voluntary.'" *Beckley*, 2007 SD 122,

¶8, 742 NW2d 841, 842 (quoting *Lodermeier v. State*, 273 NW2d 163, 164 (SD 1978)).

*Totality of the Circumstances*

[¶14.]    To determine if a plea is voluntary and intelligent as required to satisfy due process requirements, we must look to the "totality of the circumstances." *Goodwin*, 2004 SD 75, ¶11, 681 NW2d 847, 852 (citing State v. Lashwood, 384 NW2d 319, 321 (SD 1986)).  In addition to the procedure and in-court colloquy with the defendant, we look at other factors including "the defendant's age; his prior criminal record; whether he is represented by counsel; the existence of a plea agreement; and the time between advisement of rights and entering a plea of guilty." *Id.* (internal citations omitted).

[¶15.]    Here, 37 year-old Apple had prior experience with the criminal justice system in South Dakota, as well as Texas, Arizona, and Colorado.  Apple had been convicted of several misdemeanors and one felony.  His ninth grade education and completion of a General Educational Development examination (GED) indicate he had the maturity level, knowledge, and the capability to understand the plea he made.  *See Id.* ¶12, 681 NW2d at 852.  Apple was represented by counsel at the plea hearing – although he successfully contended in a habeas proceeding that his counsel was ineffective in her representation.  Through counsel, a plea agreement had been reached with the State, but the agreement did not include a penalty recommendation or recitation of the penalties he faced.  Thus, the existence of the plea agreement does little to establish whether Apple understood the consequences of his guilty plea.  *See Id*. ¶¶15-16, 681 NW2d at 853-54 (citations omitted)).

[¶16.] In some of our prior cases, we have determined that a deficiency in explaining the defendant's rights at the time the defendant enters a guilty plea may be overcome with proof that the same judge had adequately explained the rights at an earlier arraignment. *See* Stacey v. State, 349 NW2d 439, 442 (SD 1984); Clark v. State, 294 NW2d 916, 919-20 (SD 1980); Singletary v. State, 88 SD 655, 659-60, 227 NW2d 424, 426 (1975). We have said, "[t]he closer the arraignment explanation is to the guilty plea the more likely the defendant remembers the recitation of rights." *Goodwin*, 2004 SD 75, ¶17, 681 NW2d at 854. Here, Apple's arraignment does not overcome the deficiencies of his plea hearing. His arraignment was in front of a *different* judge on a *different* charging document. One of the charges to which Apple pleaded guilty did not appear in the charging document on which he was arraigned.

[¶17.] Although the magistrate judge told Apple of the maximum penalties at the initial appearance on the complaint, the circuit court at no point told Apple of the maximum penalties as charged in the subsequent indictment. *See* SDCL 23A-7-4. The four counts in the indictment notably differed from the counts charged in the complaint. The circuit court also failed to inform Apple of the effect of the habitual offender information on his sentence. Thus, the record fails to show that Apple was told of the possible penalties he faced when he pleaded guilty to two charges in the indictment. Simply being informed of the maximum penalty to a general category of felony, i.e. Third Degree Burglary, at an initial appearance does not necessarily lead to a voluntary and intelligent guilty plea to a *similar* charge from a *subsequent* indictment. Due process requires greater precision.

[¶18.] Additionally, Apple contends that the circuit court erred by failing to establish a factual basis for his charges before accepting his guilty plea. Establishing a factual basis for each element of an offense is essential to a knowing and voluntary plea. State v. Nachtigall, 2007 SD 109, ¶11, 741 NW2d 216, 220-21 (citations omitted). In *State v. Nachtigall*, we reversed because the defendant did not understand the elements of the charges against him as related to the facts.[5] *Id.* ¶9, 741 NW2d at 220. We explained the importance of establishing a factual basis for a guilty plea as follows:

> It is essential that this suggested colloquy between the judge and the defendant be meaningful. *Simple affirmative or negative answers or responses which merely mimic the indictment or the plea agreement cannot fully elucidate the defendant's state of mind.* For this reason the trial court should question the defendant in a manner that requires the accused to provide narrative responses. Questions concerning the setting of the crime, the precise nature of the defendant's actions, or the motives of the defendant, for instance, will force the defendant to provide the factual basis in his own words. The court should not be satisfied with coached responses, nor allow a defendant to be unresponsive.

*Id.* ¶13, 741 NW2d at 221 (quoting State v. Schulz, 409 NW2d 655, 659 (SD 1987)) (emphasis added). The court may not solely rely on "uncertain answers to incomplete questions." *Id.* ¶12, 741 NW2d at 221. Such is the case for Apple.

---

5. In *State v. Nachtigall*, the defendant pleaded guilty to grand theft. 2007 SD 109, ¶3, 741 NW2d at 218. However, Nachtigall appealed, arguing that "he did not understand he was being charged with illegally obtaining property *exceeding one thousand dollars.* He argues that the factual basis upon which the trial court accepted his guilty plea was statutorily inadequate." *Id.* ¶7, 741 NW2d at 219 (emphasis in original). We held that this statutory violation alone warranted reversal. *Id.* ¶14, 741 NW2d at 221.

[¶19.]	The court merely asked Apple for his plea, and then asked vague questions to establish a factual basis for each offense.[6]  Nothing in the record indicates that the circuit court ensured that Apple understood the elements of the charges against him.  For the Fourth Degree Burglary charge, the court asked Apple, "Can you tell me what you did:  That's the pick up."  Apple responded that he was drunk and did not remember much of it.  The court asked:  "Did you take any stuff out of [the pickup] or was that your purpose of breaking into it?"  Apple responded, "[y]eah," without elaborating further.  The court found a factual basis for Fourth Degree Burglary based solely on this short exchange.

[¶20.]	Then, Apple pleaded guilty to "Third Degree Burglary of the maintenance building at Sioux San Hospital committed on March 6, 2002."  Apple had not been arraigned on this charge in his earlier appearance before the magistrate because it was added later in the indictment.  The indictment contained two charges involving burglary of Sioux San Hospital – one on March 6, 2002 and one on March 19, 2002.  Only the March 19th burglary had been charged in the complaint.  Nevertheless, the court simply asked Apple, "[a]s to Count Three, the third degree burglary at Sioux San[ ] Hospital, what's your plea, guilty or not guilty to Count Three?"  The court did not specify that this count referred to the burglary

---

6.	The elements for count two, Fourth Degree Burglary, include: "Any person who forcibly enters a motor vehicle with intent to commit any crime in that motor vehicle is guilty of aggravated criminal entry of a motor vehicle." SDCL 22-32-19.  For count three, Third Degree Burglary, the elements include: "[a]ny person who enters or remains in an unoccupied structure, other than a motor vehicle, with intent to commit any crime, unless the premises are, at the time, open to the public or the person is licensed or privileged to enter or remain, is guilty of third degree burglary."  SDCL 22-32-8.

at Sioux San Hospital on March 6, 2002, not the burglary at Sioux San Hospital on March 19, 2002. Apple pleaded guilty and said that he "went into the building for an extension cord." The court asked, "[o]ne of their extension cords?" Apple responded, "[y]eah." Apple's uncertain responses do not provide a sufficient factual basis for each element of the offense of the March 6th burglary.

[¶21.]     A judge has the duty to make sure that a defendant understands the consequences of entering a guilty plea and the rights the defendant is waiving. The process should be careful and deliberate with convincing results. It must involve meaningful communication between the judge and the defendant. We have said:

> The importance of canvassing the defendant when he enters a guilty plea is vital. For it is at this juncture that the defendant waives his rights and needs to understand the consequences of his plea. Shortcutting the procedure when accepting a guilty plea leaves a question about the defendant's mental state and understanding.

*Goodwin*, 2004 SD 75, ¶10, 681 NW2d at 852. Again, we emphasize the importance of following the codified rules and procedures. Doing so provides confidence that the defendant truly understands the charges, the penalties, and the consequences of a guilty plea. Shortcuts in procedure cast doubt on the validity of guilty pleas and lead to post-conviction challenges. A sparse record far afield of the procedures leaves a guilty plea questionable.

[¶22.]     Unfortunately, that is what we have here. After considering the totality of the circumstances for Apple's guilty plea, we conclude that the plea cannot be considered intelligent and voluntary.

[¶23.]     We reverse and remand to allow the defendant to withdraw his guilty plea.

#24672

[¶24.] GILBERTSON, Chief Justice, and SABERS, KONENKAMP, and ZINTER, Justices, concur.