#24881-a-PER CURIAM

**2010 SD 41**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,                    Plaintiff and Appellee,

    v.

LLOYD STEVEN ROWLEY,                    Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT
OF THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

* * * *

HONORABLE JOSEPH NEILES
Judge

* * * *

MARTY J. JACKLEY
Attorney General

JOHN STROHMAN
Assistant Attorney General
Pierre, South Dakota                    Attorneys for plaintiff
                                        and appellee.


KENNETH M. TSCHETTER
Tschetter & Adams Law Office, PC         Attorneys for defendant
Sioux Falls, South Dakota               and appellant.

* * * *

CONSIDERED ON BRIEFS
MARCH 22, 2010

OPINION FILED **05/19/10**

#24881

PER CURIAM

[¶1.]        Lloyd Steven Rowley (Rowley) appeals a judgment and sentence filed April 3, 2008.  Rowley pleaded guilty to possession of a controlled substance, intentional damage to property in the first degree, and a habitual offender information.  Rowley received twenty-one years on the possession conviction and twenty-one years for the intentional damage conviction.  We affirm.

FACTS

[¶2.]        On April 8, 2004, after several weeks of investigation, law enforcement attempted to execute a search warrant at Rowley's residence.  A South Dakota Division of Criminal Investigation (DCI) agent watching the residence observed Rowley pulling into his driveway in a full-size van pulling a flatbed trailer.  The DCI agent signaled the waiting SWAT team to deploy in an attempt to neutralize Rowley.  When approached by the SWAT team, Rowley locked the van doors and refused to exit the van.  Before the SWAT team was able to remove Rowley from his van, Rowley started the van and drove away.  In his attempt to elude law enforcement, Rowley drove his van and trailer through his lawn, striking the vehicle of the DCI agent tasked with observing the residence.

[¶3.]        A forty-five minute car chase ensued.  During the chase, Rowley led the police down several gravel or dirt roads.  Eventually, law enforcement spiked Rowley's tires.  Rowley nonetheless continued to elude law enforcement.  Finally, Rowley stopped at a dead-end road and attempted to hide from police in a corn field.

[¶4.]        A search of Rowley's vehicle revealed methamphetamine and drug paraphernalia.  A search of Rowley's home revealed more than an ounce of methamphetamine, marijuana, and more drug paraphernalia.

[¶5.] A Minnehaha County grand jury returned a nine-count indictment. On October 22, 2004, Rowley pleaded guilty to possession of a controlled substance, injury to property in the first degree, and the habitual offender information for both charges. On December 3, 2004, the circuit judge sentenced Rowley to a twenty-year sentence for each crime with the sentences to run consecutively.

[¶6.] Rowley appealed and his conviction was summarily reversed. State v. Rowley, 705 NW2d 266 (SD 2005) (Table). On remand, Rowley was released on $100,000 cash bond. On February 21, 2006, the day before trial was to begin, Rowley appeared in court and requested a continuance. Rowley's request was denied. Rowley did not appear for trial the next day, and was arrested in Ohio over a year later in May 2007.

[¶7.] On October 7, 2007, Rowley again pleaded guilty to possession of a controlled substance, intentional damage to property in the first degree, and the habitual offender information. A different circuit court judge sentenced Rowley to twenty-one years on each of the charges, with the sentences to run consecutively. Rowley appeals raising two issues:

> Did the circuit court fail to adequately establish a factual basis on the intentional damage to property in the first degree charge.

> Did the circuit court violate Rowley's due process rights by sentencing Rowley to a sentence one year longer on each count than he originally received prior to exercising his right to appeal.

ISSUE ONE

[¶8.] **Did the circuit court fail to adequately establish a factual basis on the intentional damage to property in the first degree charge.**

[¶9.] Rowley claims his due process rights were violated, rendering his plea involuntary, when the circuit court failed to establish an adequate factual basis for

his plea to the charge of intentional damage to property in the first degree. "To determine if a plea is voluntary and intelligent as required to satisfy due process requirements, we must look to the 'totality of the circumstances.'" State v. Apple, 2008 SD 120, ¶ 14, 759 NW2d 283, 288. "Establishing a factual basis for each element of an offense is essential to a knowing and voluntary plea." *Id*. ¶ 18, 759 NW2d at 289 (citing State v. Nachtigall, 2007 SD 109, ¶ 11, 741 NW2d 216, 220-21). This Court reviews constitutional due process claims de novo. *Id*. ¶ 8, 759 NW2d at 287. "Before accepting a guilty plea, a court must be subjectively satisfied that a factual basis exists for the plea. The court must find a factual basis for each element of the offense. The factual basis must appear clearly on the record." State v. Schulz, 409 NW2d 655, 658 (SD 1987) (citations omitted). The factual basis may come from "anything that appears on the record. It is not necessary that a defendant state the factual basis in his own words." *Id.* (citations omitted).

[¶10.]    At the time the offense was committed, the statute regarding intentional damage to property read as follows:

> Any person who intentionally injures, damages, or destroys public property without the lawful consent of the appropriate governing body having jurisdiction thereof, . . . is punishable according to the following schedule. . . . If the damage to property is more than five hundred dollars, the person is guilty of intentional damage to property in the first degree, which is a class 4 felony.

SDCL 22-34-1 (1990) (amended by SL 2005, ch. 120, § 97). Rowley argues the factual basis procured by the circuit judge was insufficient to establish the "intentional" element of the offense.

[¶11.]    At the time of the incident, this Court had determined intentional damage to property to be a general intent crime. State v. Balint, 426 NW2d 316,

-3-

318 (SD 1988). Regarding the intentional language of the 1990 version of the statute at issue, this Court stated:

> We cannot read such language to be words requiring more than a general intent. There is no additional mental state required beyond that accompanying the injurious or destructive act. Our present intentional damage to property statute, which replaced the malicious mischief statute, does require an intentional act on the part of a defendant, but no other subjective intent. SDCL 22-34-1. In 1978, the State Legislature changed the applicable definitions within SDCL 22-1-2. "Intentionally," as a definition, was changed from requiring a specific "intention" to requiring only a specific "design." We hold that this change was made to lessen the burden of proving intent. Thus, the statute evolved from requiring a specific intent to avenge some wrong (malicious mischief) to requiring only a general intent to damage the property of another without their consent.

*Id*. This Court went on to hold regarding the specific facts at issue: "Clearly, Balint had a design to damage the plate glass window." *Id*. at 318-19.

[¶12.] Here, the colloquy between Rowley and the circuit judge confirmed Rowley's design to damage the vehicle. Rowley confirmed he intentionally drove his van through an area closed by the DCI agent's car in his attempt to escape. This is the injurious act that caused the damage. This act was intentional. As quoted above, "there is no additional mental state required beyond that accompanying the injurious or destructive act."

[¶13.] Rowley made it difficult for the circuit court to properly establish a factual basis for the crime during the plea hearing. "When a defendant equivocates while pleading guilty, the court must take extra care to ensure that the record demonstrates a clear factual basis." *Nachtigall*, 2007 SD 109, ¶ 14, 741 NW2d at 221. The circuit court did as required, producing an adequate factual basis despite

Rowley's equivocations. The totality of the circumstances support the adequacy of the factual basis received.

[¶14.]     Rowley argues the factual basis as established here could lead to prosecutions for intentional damage to property whenever a negligent motorist's intentional act of driving a car produces damage. In 2005, the legislature eliminated this possibility when it amended SDCL 22-34-1. The intentional damage to property statute now reads: "[a]ny person who, with *specific intent* to do so, injures, damages, or destroys . . . ." SDCL 22-34-1 (emphasis added).

## ISSUE TWO

[¶15.]     **Did the circuit court violate Rowley's due process rights by sentencing Rowley to a sentence one year longer on each count than he originally received prior to exercising his right to appeal.**

[¶16.]     Rowley first pleaded guilty to the charges of possession of a controlled substance and intentional damage to property in 2004. Based upon Rowley's 2004 guilty plea, he was sentenced to twenty years for each offense by the circuit court. After this Court reversed that conviction (and a fifteen-month hiatus due to Rowley's departure) Rowley again pleaded guilty to the same offenses. This time, however, a different circuit court judge sentenced Rowley to twenty-one years for each offense. Rowley claims the increased severity of the sentences violated his due process rights.

[¶17.]     For support, Rowley relies on the United States Supreme Court decision, *North Carolina v. Pearce*, 395 US 711, 89 SCt 2072, 23 LEd2d 656 (1969). The holding of *Pearce* and its progeny as relevantly applied, has been set out aptly by the Eighth Circuit Court of Appeals.

In *North Carolina v. Pearce,* 395 US 711, 723 (1969), the Supreme Court held that the imposition of a more severe sentence following retrial or resentencing was, in general, permissible. The Court held, however, that an increased sentence motivated by vindictiveness on the part of a sentencing judge was impermissible and a significant violation of a defendant's due process rights. *Id.* at 725, 89 SCt 2072. The Court articulated a presumption of vindictiveness and imposed a duty on sentencing courts to fully explain more severe sentences:

> In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.

*Id.* at 726, 89 SCt 2072. The Court did not discuss the impact that the use of a different sentencing judge might have on the analysis. *See* Texas v. McCullough, 475 US 134, 140 n 3, 106 SCt 976, 89 LEd2d 104 (1986) (noting that the facts of *Pearce* actually involved a different sentencing judge following remand but that "the Court did not focus on it as a consideration for its holding"). Rather, the Court suggested the blanket rule that only facts arising after an initial sentencing could justify a more severe sentence on resentencing. *Pearce,* 395 US at 726, 89 SCt 2072.

As explained by the Court in *Alabama v. Smith,* 490 US 794, 109 SCt 2201, 104 LEd2d 865 (1989), a series of subsequent rulings limited the effect of *Pearce* and clarified that a presumption of vindictiveness only arises where there is a "'reasonable likelihood' that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority." *Id.* at 799, 109 SCt 2201 (quoting United States v. Goodwin, 457 US 368, 373, 102 SCt 2485, 73 LEd2d 74 (1982)). "Where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness." *Id.*

United States v. Anderson, 440 F3d 1013, 1015-16 (8th Cir 2006).

[¶18.]    Here, Rowley was sentenced by two different judges. In similar situations, the *Pearce* analysis has been held inapplicable. *See, McCullough*, 475 US at 138, 106 SCt at 978-79, 89 LEd2d at 110 (noting other United States Supreme Court cases in which the presumption of vindictiveness did not apply when the more severe sentence was handed down by a different sentencing authority than the original sentence). The *McCullough* approach has been interpreted as follows: "when a different judge sentences a defendant after a retrial, *and* that judge articulates logical, nonvindictive reasons for the sentence, there simply is no sound basis to presume that the sentence is the product of judicial vindictiveness." State v. Mitchell, 670 NW2d 416, 424 (Iowa 2003) (citing decisions relying upon *McCullough* for this proposition); *see also* State v. Bruna, 710 NW2d 329, 336 (NebApp 2006) ("Because the judge who imposed Bruna's second sentence is not the same judge who imposed the first sentence, we conclude that there is no reasonable likelihood that vindictiveness contributed to the sentence appealed in this case."). We adopt this line of cases and hold that the presumption of vindictiveness does not apply when a defendant's sentence subsequent to reversal is handed down by a different sentencing judge.

[¶19.]    Although the presumption of vindictiveness does not apply, Rowley could still obtain relief if he is able to articulate actual vindictiveness. *See, Anderson*, 440 F3d at 1016. However, at the second sentencing the circuit court set out in detail the reasons Rowley received the sentence he did, leaving no trace that the increased sentence was punishment for appealing the original conviction.

[¶20.]    Rowley also contends his sentence is unconstitutional as he received a harsher sentence the second time in part due to absconding. Rowley argues this is a

violation of double jeopardy as he pleaded guilty to felony failure to appear and received a sentence for that crime, effectively punishing him twice for the same offense. Other courts addressing this issue in the context of an alleged double jeopardy violation hold otherwise: "[f]or the determination of sentences, justice generally requires consideration of more than the particular acts for which the crime was committed and that there be taken into account the circumstances of the offense together with the character and propensities of the offender." Pennsylvania v. Ashe, 302 US 51, 55, 58 SCt 59, 60-61, 82 LEd 43 (1937).

> Included as part of this consideration is conduct arising subsequent to the conviction of the underlying crime and prior to final sentencing. Although this subsequent conduct may result in separate criminal charges, numerous federal courts have held that such subsequent action is not barred by the double jeopardy clause. *See* United States v. Carey, 943 F2d 44 (11th Cir 1991); United States v. Mack, 938 F2d 678 (6th Cir 1991); United States v. Garcia, 919 F2d 881 (3d Cir 1990); United States v. Troxell, 887 F2d 830 (7th Cir 1989); Sekou v. Blackburn, 796 F2d 108 (5th Cir 1986); United States v. Brown, 785 F2d 587 (7th Cir 1986); United States v. Wise, 603 F2d 1101 (4th Cir 1979).

State v. Garvin, 682 A2d 562, 568 (ConnApp 1996). Based on this authority, Rowley's argument fails.

[¶21.] For the reasons stated above, the judgment of the circuit court is affirmed.

[¶22.] GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, and MEIERHENRY, Justices, participating.

[¶23.] SEVERSON, Justice, deeming himself disqualified, did not participate.