#27536-a-SLZ

**2016 S.D. 32**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,                    Plaintiff and Appellee,

    v.

MAURICE SANDERS,                          Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SIXTH JUDICIAL CIRCUIT
HUGHES COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE JOHN L. BROWN
Judge

* * * *

MARTY J. JACKLEY
Attorney General

CRAIG M. EICHSTADT
Assistant Attorney General
Pierre, South Dakota                      Attorneys for plaintiff
                                   and appellee.

JEREMY LUND of
The Schreiber Law Firm, Prof. LLC
Pierre, South Dakota                      Attorneys for defendant
                                   and appellant.

* * * *

CONSIDERED ON BRIEFS
ON MARCH 21, 2016

OPINION FILED **04/06/16**

#27536

ZINTER, Justice

[¶1.]	Maurice Sanders pleaded guilty to forgery and engaged in a colloquy with the circuit court regarding the factual basis for the plea. The court accepted the plea and entered a judgment of conviction and sentence. Sanders appeals. He claims that the circuit court did not have subject matter jurisdiction because Sanders's factual basis did not affirmatively establish that the offense occurred in South Dakota. We affirm because an inadequate factual basis does not deprive a circuit court of its subject matter jurisdiction.

[¶2.]	Sanders was indicted on one count of forgery in violation of SDCL 22-39-36.[1] Two and one-half years later, while incarcerated in Illinois, he made a request for disposition of the indictment. Pursuant to that request, he was returned to South Dakota to face the indictment under the Interstate Agreement on Detainers Act. With the assistance of court-appointed counsel, Sanders entered into a plea agreement with the State. The court subsequently advised Sanders of his statutory and constitutional rights, and he pleaded guilty to the charge. The court then engaged in a colloquy with Sanders to establish a factual basis for the plea. After determining that a factual basis existed, the court accepted the plea. During Sanders's subsequent presentence investigation, he indicated that he had lived in Pierre, that he had been employed in Pierre, and that the check was obtained from the EZ Payday Advance in Pierre. However, Sanders indicated that he forged the check in Illinois. Sanders never raised a factual issue about the location of the

---

1.	SDCL 22-39-36 provides: "Any person who, with intent to defraud, falsely makes, completes, or alters a written instrument of any kind, or passes any forged instrument of any kind is guilty of forgery."

offense in the circuit court proceedings. The court sentenced Sanders without objection, and Sanders now, for the first time, raises the location of the forgery as an issue.

[¶3.]     Sanders argues that the adequacy of a factual basis for a plea is a jurisdictional issue. He also points out that jurisdictional defects may be raised for the first time on appeal. *State v. Neitge*, 2000 S.D. 37, ¶ 9, 607 N.W.2d 258, 260. Sanders's argument begins with the contention that the circuit court failed to obtain a factual basis that the offense occurred in South Dakota.[2] *See* SDCL 23A-7-14 (Rule 11(f)) (requiring a plea-taking court to "defer acceptance of any plea except a plea of nolo contendere until it is satisfied that there is a factual basis for the offense charged or to which the defendant pleads"). Sanders then points out that a plea-taking court is required to obtain a factual basis for each element of the

---

2.     During the arraignment colloquy, the following exchange took place:

> **Court**: So why don't you tell me how you came into possession of that check.
>
> **Sanders**: I was hurting for cash. I was looking around and I got ahold of the check and I forged my signature on there. I wrote the dollar amount –
>
> **Court**: You need to speak up, sir.
>
> **Sanders**: I wrote the dollar amount on the check and I cashed it.
>
> **Court**: How did you get the check in the first place?
>
> **Sanders**: I received it from Rapken, Jody.
>
> **Court**: And you knew it wasn't your check?
>
> **Sanders**: Yeah, but I mean I was hurting for money at the time. That's the only reason why I wrote it, I was strapped for cash.
>
> **Court**: How much was the check for?
>
> **Sander's Attorney**: Two-fifty-nine, I believe, your honor.

offense. *See State v. Nachtigall*, 2007 S.D. 109, ¶ 5, 741 N.W.2d 216, 219. Sanders concludes that the "location of the offense is an essential element the court must inquire upon in finding a factual basis for a guilty plea because it is fundamental to subject matter jurisdiction[.]" Sanders, however, incorrectly conflates the factual basis requirement in SDCL 23A-7-14 (Rule 11(f)) with a court's subject matter jurisdiction.

[¶4.]    The factual basis requirement in SDCL 23A-7-14 (Rule 11(f)) is not jurisdictional. *See United States v. Timmreck*, 441 U.S. 780, 783, 99 S. Ct. 2085, 2087, 60 L. Ed. 2d 634 (1979) (concluding that a failure to comply with Rule 11 of the Federal Rules of Criminal Procedure is neither "constitutional nor jurisdictional"); *State v. Moeller*, 511 N.W.2d 803, 811 (S.D. 1994) (concluding that failure to inquire into the factual basis for a plea is neither "constitutional nor jurisdictional"); *Petrilli v. Leapley*, 491 N.W.2d 79, 83 n.2 (S.D. 1992) (same). Therefore, a failure to comply with the factual basis requirement in SDCL 23A-7-14 (Rule 11(f)) does not deprive the circuit court of jurisdiction over the subject matter alleged in the indictment.

[¶5.]    Subject matter jurisdiction is "the courts' statutory or constitutional power to adjudicate the case[,]" *United States v. Cotton*, 535 U.S. 625, 630, 122 S. Ct. 1781, 1785, 152 L. Ed. 2d 860 (2002), and whether a court has subject matter jurisdiction is determined by the indictment. *State v. Janssen*, 371 N.W.2d 353, 356 (S.D. 1985) ("a valid and sufficient [indictment] confers subject matter jurisdiction upon the court."); *State v. Osborn*, 58 N.E. 491, 493 (Ind. 1900) ("jurisdiction over the subject-matter of the offense charged depends upon the allegations of said

indictment or affidavit and information and not upon the actual facts"). In this case, the indictment alleged, in relevant part, that Sanders committed forgery on or about the 26th day of March, 2012, in Hughes County, South Dakota. Forgery is a felony under South Dakota law, SDCL 22-39-36, and the circuit court of the Sixth Judicial Circuit has original jurisdiction to adjudicate felonies alleged to have occurred in Hughes County, South Dakota. S.D. Const. art. V, § 5; SDCL 16-6-12. Thus, the circuit court had subject matter jurisdiction to adjudicate this case.

[¶6.] Whether Sanders was in Illinois, instead of Hughes County, when he forged the check is a factual assertion that he was entitled to have a jury determine. *See State v. Rasch*, 70 S.D. 517, 524-25, 19 N.W.2d 339, 342-43 (1945). However, Sanders waived his right to a jury determination of that fact when he pleaded guilty to the acts alleged in the indictment. *See Boykin v. Alabama*, 395 U.S. 238, 243, 89 S. Ct. 1709, 1712, 23 L. Ed. 2d 274 (1969). We acknowledge that for a "waiver to be valid under the Due Process Clause, it must be 'an intentional relinquishment or abandonment of a known right or privilege.'" *McCarthy v. United States*, 394 U.S. 459, 466, 89 S. Ct. 1166, 1171, 22 L. Ed. 2d 418 (1969) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S. Ct. 1019, 1023, 82 L. Ed. 1461 (1938)). "Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void." *Id.* But here, Sanders does not claim a due process violation based on an involuntary or unknowing plea or waiver of rights. Therefore, he asserts no claim upon which the judgment could be void.

[¶7.] The circuit court had subject matter jurisdiction to adjudicate Sanders's guilt. We affirm.

#27536

[¶8.]        GILBERTSON, Chief Justice, and SEVERSON, WILBUR, and KERN,

Justices, concur.